# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 689

IMOBERSTAG v. VAIL

Ohio Appeals, 6th Dist., Lucas Co.

No. 1541. Decided June 8, 1925

997. REAL ESTATE—Where earnest money is returned to prospective buyer of by agent of seller, it is an indication that contracts or negotiations which may have been 'entered into, in regards thereto, were abandoned.

257. COMMISSION—To entitle agent to, prospective purchaser must be procured who is ready, able and willing to pay price on terms agreed upon.

YOUNG, J.

This case originated in the Municipal Court of Toledo; the action being brought by Arthur Imoberstag against William Vail for commission claimed to have been earned for procuring a purchaser for certain real estate owned by Vail. Judgment in the Municipal court was rendered in favor of Vail, on appeal to the Lucas Common Pleas, a jury returned a verdict for $250 in favor of Imoberstag. A new trial was granted and the court directed a verdict for Vail. Error was prosecuted to the Court of Appeals.

It was shown by the evidence that one Mallory, an agent of Imoberstag, commenced negotiations for the sale of the property and had procured an offer of $11,000 for it. Vail declared that he desired something around $12,000 for the property. Thereupon, earnest money, given by the prospective purchaser was returned by Mallory, who ceased further negotiations. Imoberstag attempted to continue the negotiations with Vail, and claimed that Vail said he would call it a deal if the price was increased to $11,500. The land was sold to the prospective purchaser through another company and it was contended by Imoberstag that since he was the procuring cause of the sale, having first shown the property to the prospective purchaser, he was entitled to a commission. The Court of Appeals held:

1. In order to entitle one to a commission, the agent must procure a prospective purchaser who is ready, able and willing to pay the price on the terms agreed upon.

2. Contracts may be made whereby it is agreed only a purchaser be found, as well as where before a commission is due and payable, the deal must be consummated.

3. The evidence clearly shows that when the earnest money was returned by Mallory to the prospective buyer, all negotiations up to that time ceased, and the contract, if there was one, was abandoned.

4. There was no evidence to show that Imoberstag succeeded in getting an offer of $11,500 or in bringing the parties together.

Judgment affirmed.

Attorneys—Johnson, Johnson and Farber for Imoberstag; Charles T. Lawton, for Vail; all of Toledo.